CHANDLER (BROWN v.). See Case No. 1,998.

═══════

## Case No. 2,591b.

### CHANDLER v. BYRD et al.

[Hempst. 222.] [1]

Superior Court, D. Arkansas. Jan., 1833.

MISJOINDER OF PARTIES — WAIVER OF DEFECT — ACTION ON JOINT AND SEVERAL BOND.

1. On a joint and several bond, the plaintiff may sue one or all of the obligors, but not an intermediate number.

2. But an error of this kind is waived unless taken advantage of by plea in abatement.

3. Defects in pleading only reachable by special demurrer at common law, must be disregarded, special demurrers having been abolished by statute.

In error to Pulaski circuit court.

Before ESKRIDGE, CROSS, and CLAYTON, Judges.

OPINION OF THE COURT. This is a writ of error to the circuit court of Pulaski, to reverse a judgment in an action of debt, wherein Sarah Chandler was plaintiff, and Richard C. Byrd and John H. Cocke defendants. The declaration alleges "that Richard C. Byrd, John H. Cocke, and A. W. Cotton, (now deceased,) by their certain writing obligatory, signed with their own proper hands, and sealed with seals, a certified copy of which writing obligatory is now here shown to this court, the original on file among and belonging to the records of the superior court for the territory of Arkansas, and cannot be produced to this

court," etc. The defendants filed a general demurrer to the plaintiff's declaration, which was sustained, and final judgment rendered against the plaintiff for costs.

Two questions present themselves for the consideration of this court; first, whether the action was correctly brought against R. C. Byrd and John H. Cocke, there having been a third obligor to the instrument upon which the suit is founded. The supreme court of the United States, in the case of Minor v. Mechanics' Bank of Alexandria, 1 Pet. [26 U. S.] 46, has settled this point. That court says, that on a joint and several bond the plaintiff may sue one or all of the obligors, but in strictness of law no intermediate number; he must sue all or one. But if an error of this kind is not taken advantage of by plea in abatement, it is waived by pleading to the merits. "The reason is, that the obligation is still the deed of all the obligors who are sued, though not solely their deed, and therefore it is no variance in point of law between the deed declared on and that proved." The same doctrine is clearly illustrated in the case of Cabell v. Vaughan, 1 Saund. 291, note 4. The act of 1816 (Geyer, Dig. 241), it is conceived, does not change the common law in this particular. The object of that act was chiefly to establish the liability of the representatives of deceased joint obligors.

The second question is, whether there is a proper profert of the instrument upon which the action is founded. Admitting the declaration in this respect to be defective according to the rules of the common law, it is an objection of which the party could only avail himself by special demurrer, and special demurrer having been abolished by act of the last legislature, the objection taken to this declaration in this respect is no longer tenable. Judgment reversed.